Michael K. Friedland, Esq. (State Bar No. 157,217)
Michael.Friedland@knobbe.com
Michelle E. Armond, Esq. (State Bar No. 227,439)
Michelle.Armond@knobbe.com
Samantha Y. Hsu, Esq. (State Bar No. 285,853)
Samantha.hsu@knobbe.com
KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main Street
Fourteenth Floor
Irvine, CA  92614
Phone: (949) 760-0404
Facsimile: (949) 760-9502

*Attorneys for Plaintiff Skyworks Solutions, Inc.*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SKYWORKS SOLUTIONS, INC., <br><br> Plaintiff, <br><br> v. <br><br> KINETIC TECHNOLOGIES, INC., <br><br> Defendant. | Civil Action No. <br><br> **PLAINTIFF SKYWORKS SOLUTION, INC.'S COMPLAINT FOR PATENT INFRINGEMENT; DEMAND FOR JURY TRIAL** |

Plaintiff Skyworks Solutions, Inc. ("Skyworks") brings this Complaint for Patent Infringement against Defendant Kinetic Technologies, Inc. ("Kinetic") and alleges as follows:

### NATURE OF THE ACTION

1. This is an action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. § 100 *et seq*.

### INTRADISTRICT ASSIGNMENT

2. This action is an intellectual property action subject to district-wide assignment pursuant to Local Civil Rules 3-2(c) and 3-5(b).

### PARTIES

3. Plaintiff Skyworks Solutions, Inc. is a Delaware corporation with its principal place of business at 20 Sylvan Road, Woburn, Massachusetts 01801. Skyworks maintains extensive facilities in California and this Judicial District, including facilities for semiconductor design, manufacturing, sales, marketing, support, operations, quality, and supply chain operations in Santa Clara, Newbury Park, and Irvine, California.

4. Upon information and belief, Kinetic is a California corporation with its principal place of business in this Judicial District at 1185 Bordeaux Drive, Suite D, Sunnyvale, California 94089.

### JURISDICTION

5. This Court has jurisdiction over this patent infringement action under 28 U.S.C. §§ 1331 and 1338(a).

6. Kinetic is subject to the personal jurisdiction of this Court for the claims asserted herein. Upon information and belief, Kinetic has its principal place of business in this Judicial District.

7. Venue is proper in this Judicial District pursuant to 28 U.S.C. § 1391(b) and (c) and § 1400(b). Upon information and belief, Kinetic has its principal place of business in this Judicial District and has committed acts of infringement in this Judicial District.

/ / /

/ / /

COMPLAINT FOR PATENT INFRINGEMENT                                                                       CASE NO.:

**FACTUAL BACKGROUND**

8. On April 5, 2011, the United States Patent and Trademark Office duly and lawfully issued U.S. Patent No. 7,921,320, entitled "Single Wire Serial Interface" ("the '320 Patent"). A true and correct copy of the '320 Patent is attached hereto as Exhibit 1.

9. On September 17, 2013, the United States Patent and Trademark Office duly and lawfully issued U.S. Patent No. 8,539,275, entitled "Single Wire Serial Interface" ("the '275 Patent"). A true and correct copy of the '275 Patent is attached hereto as Exhibit 2.

10. The '320 Patent was initially assigned from the employee inventors thereof to Advanced Analogic Technologies, Inc. ("AATI"). In 2012, Skyworks acquired AATI.

11. The '275 Patent is assigned to Skyworks Solutions, Inc.

12. Skyworks is the owner by assignment of all right, title, and interest in the '320 and '275 Patents.

13. Upon information and belief, Kin Shum ("Shum") is an officer, director, employee, and/or founder of Kinetic.

14. Before founding Kinetic, Shum was an employee and director of AATI. Shum was employed by AATI from 2003 until 2006. His last position at AATI was Director of Strategic Marketing. During the term of his employment with AATI, his responsibilities included project management for new products in the power management market, including LED driver products, defining new products, setting up new product approval processes, implementing product concepts, and implementing project schedules.

15. During his employment at AATI, Shum was named as an inventor on a patent application titled "USB Battery Charger" filed by AATI, subsequently published as U.S. Patent Application Publication No. 2006/0033474.

16. Upon information and belief, Jan Nilsson ("Nilsson") is an officer, director, employee, and/or founder of Kinetic.

17. Before founding Kinetic, Nilsson was an employee and vice president of AATI. Nilsson was employed by AATI from 2001 until 2006. His last position at AATI was Vice President of Marketing and Business Development.

COMPLAINT FOR PATENT INFRINGEMENT                                CASE NO.:

18. During his employment at AATI, Nilsson was named as an inventor of the '320 Patent. Nilsson is also named as an inventor on the '275 Patent.

19. Upon information and belief, Kinetic, Shum, and Nilsson were aware that AATI filed patent applications covering its products.

20. Upon information and belief, Kinetic, Shum, and Nilsson were aware that AATI developed, made, and sold LED driver products.

21. Upon information and belief, Kinetic, Shum, and Nilsson knew or should have known of the '320 and '275 Patents.

## FIRST CLAIM FOR RELIEF –
## INFRINGEMENT OF U.S. PATENT NO. 7,921,320

22. Skyworks re-alleges and incorporates by reference the allegations contained in Paragraphs 1 through 21 above as though fully set forth herein.

23. Upon information and belief, Kinetic and/or those acting in concert with Kinetic, have made, used, offered to sell, sold, and/or imported into the United States and this Judicial District, and placed into the stream of commerce, LED driver products, including but not limited to those with integrated circuit die identifications AADAA, 9B003-F, 9B003-D, and 9A002-B, which are marketed and sold as part numbers KTD101, KTD102, KTD253, KTD259, KTD262, and/or devices that incorporate such products, that infringe at least one claim of the '320 Patent in violation of 35 U.S.C. § 271.

24. Upon information and belief, Kinetic and/or those acting in concert with Kinetic, with knowledge of the '320 Patent, contributed to the infringement of the '320 Patent, by having its direct and indirect customers sell, offer for sale, use, and import into the United States and this Judicial District, and placing into the stream of commerce, LED driver products, including but not limited to those with integrated circuit die identifications AADAA, AADAA, 9B003-F, 9B003-D, and 9A002-B, which are marketed and sold as part numbers KTD101, KTD102, KTD253, KTD259, KTD262, and/or devices that incorporate such products, with knowledge that such products infringe the '320 Patent.

/ / /

25. Upon information and belief, Kinetic and/or those acting in concert with Kinetic, with knowledge of the '320 Patent, have intentionally induced infringement of the '320 Patent, by having its direct and indirect customers sell, offer for sale, use, and import into the United States and this Judicial District, and placing into the stream of commerce, LED driver products, including but not limited to those with integrated circuit die identifications AADAA, AADAA, 9B003-F, 9B003-D, and 9A002-B, which are marketed and sold as part numbers KTD101, KTD102, KTD253, KTD259, KTD262, and/or devices that incorporate such products, with knowledge that such products infringe the '320 Patent.

26. Upon information and belief, as of its founding, Kinetic was aware of the existence of the application that led to the '320 Patent.

27. Upon information and belief, Kinetic's infringement of the '320 Patent has been, and continues to be, willful, deliberate, and intentional by continuing its acts of infringement with knowledge of the '320 Patent and thus acting in reckless disregard of Skyworks' patent rights.

28. As a consequence of Kinetic's infringement of the '320 Patent, Skyworks has suffered and will continue to suffer harm and injury, including monetary damages in an amount to be determined at trial.

29. Upon information and belief, unless enjoined Kinetic and/or others acting on behalf of Kinetic, will continue their infringing acts, thereby causing irreparable harm to Skyworks for which there is no adequate remedy at law.

## SECOND CLAIM FOR RELIEF –
## INFRINGEMENT OF U.S. PATENT NO. 8,539,275

30. Skyworks re-alleges and incorporates by reference the allegations contained in Paragraphs 1 through 29 above as though fully set forth herein.

31. Upon information and belief, Kinetic and/or those acting in concert with Kinetic, have made, used, offered to sell, sold, and/or imported into the United States and this Judicial District, and placed into the stream of commerce, LED driver products, including but not limited to those with integrated circuit die identifications AADAA, AADAA, 9B003-F,

9B003-D, and 9A002-B, which are marketed and sold as part numbers KTD101, KTD102, KTD253, KTD259, KTD262, and/or devices that incorporate such products, that infringe at least one claim of the '275 Patent in violation of 35 U.S.C. § 271.

32. Upon information and belief, Kinetic and/or those acting in concert with Kinetic, with knowledge of the '275 Patent, contribute to the infringement of the '275 Patent, by having its direct and indirect customers sell, offer for sale, use, and import into the United States and this Judicial District, and placing into the stream of commerce, LED driver products, including but not limited to those with integrated circuit die identifications AADAA, AADAA, 9B003-F, 9B003-D, and 9A002-B, which are marketed and sold as part numbers KTD101, KTD102, KTD253, KTD259, KTD262, and/or devices that incorporate such products, with knowledge that such products infringe the '275 Patent.

33. Upon information and belief, Kinetic and/or those acting in concert with Kinetic, with knowledge of the '275 Patent, intentionally induce infringement of the '275 Patent, by having its direct and indirect customers sell, offer for sale, use, and import into the United States and this Judicial District, and placing into the stream of commerce, LED driver products, including but not limited to those with integrated circuit die identifications AADAA, AADAA, 9B003-F, 9B003-D, and 9A002-B, which are marketed and sold as part numbers KTD101, KTD102, KTD253, KTD259, KTD262, and/or devices that incorporate such products, with knowledge that such products infringe the '275 Patent.

34. Upon information and belief, as of its founding, Kinetic was aware of the existence of the application that led to the '275 Patent.

35. Upon information and belief, Kinetic's infringement of the '275 Patent is willful, deliberate, and intentional by continuing its acts of infringement with knowledge of the '275 Patent and thus acting in reckless disregard of Skyworks' patent rights.

36. As a consequence of Kinetic's infringement of the '275 Patent, Skyworks has suffered and will continue to suffer harm and injury, including monetary damages in an amount to be determined at trial.

/ / /

COMPLAINT FOR PATENT INFRINGEMENT                                                                CASE NO.:

37.     Upon information and belief, unless enjoined Kinetic and/or others acting on behalf of Kinetic, will continue their infringing acts, thereby causing irreparable harm to Skyworks for which there is no adequate remedy at law.

## DEMAND FOR JUDGMENT

**WHEREFORE**, Skyworks prays for entry of judgment that:

A.     Kinetic is liable for infringement, contributory infringement, and inducing infringement of the '320 and '275 Patents under 35 U.S.C. § 271;

B.     Kinetic, and each of its affiliates, subsidiaries, officers, agents, servants, employees, representatives, successors and assigns, and all other persons in active concert or participation with Kinetic, shall be preliminarily and permanently enjoined from further infringing, contributing to others' infringement, and inducing others to infringe the '320 and '275 Patents under 35 U.S.C. § 283;

C.     Kinetic shall pay damages to Skyworks resulting from Kinetic's infringement of the '320 and '275 Patents pursuant to 35 U.S.C. § 284;

D.     Kinetic's continuing infringement of the '320 and '275 Patents was and is willful, justifying a trebling of the award of damages under 35 U.S.C. § 284, or such other enhancement of the award of damages that the Court deems appropriate;

E.     This action be determined to be an exceptional case and Skyworks be awarded their attorneys' fees, costs, and expenses under 35 U.S.C. § 285;

F.     Skyworks be entitled to pre-judgment and post-judgment interest and costs against Kinetic, in accordance with 35 U.S.C. § 284; and

/ / /

/ / /

G.  Skyworks be awarded such other and further relief as the Court may deem just and proper.

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: January 2, 2014          By: */s/ Michelle E. Armond*
　　　　　　　　　　　　　　　　Michael K. Friedland, Esq.
　　　　　　　　　　　　　　　　Michael.Friedland@knobbe.com
　　　　　　　　　　　　　　　　Michelle E. Armond, Esq.
　　　　　　　　　　　　　　　　Michelle.Armond@knobbe.com
　　　　　　　　　　　　　　　　Samantha Y. Hsu, Esq.
　　　　　　　　　　　　　　　　Samantha.hsu@knobbe.com
　　　　　　　　　　　　　　　　KNOBBE, MARTENS, OLSON & BEAR, LLP
　　　　　　　　　　　　　　　　2040 Main Street, Fourteenth Floor
　　　　　　　　　　　　　　　　Irvine, CA  92614
　　　　　　　　　　　　　　　　Phone: (949) 760-0404
　　　　　　　　　　　　　　　　Facsimile: (949) 760-9502

　　　　　　　　　　　　　　　　*Attorneys for Plaintiff Skyworks Solutions, Inc.*

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff Skyworks Solutions, Inc. demands a trial by jury of all issues raised by this Complaint that are triable by jury.

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: January 2, 2014            By: */s/ Michelle E. Armond*
　　　　　　　　　　　　　　　　　　Michael K. Friedland, Esq.
　　　　　　　　　　　　　　　　　　Michael.Friedland@knobbe.com
　　　　　　　　　　　　　　　　　　Michelle E. Armond, Esq.
　　　　　　　　　　　　　　　　　　Michelle.Armond@knobbe.com
　　　　　　　　　　　　　　　　　　Samantha Y. Hsu, Esq.
　　　　　　　　　　　　　　　　　　Samantha.hsu@knobbe.com
　　　　　　　　　　　　　　　　　　KNOBBE, MARTENS, OLSON & BEAR, LLP
　　　　　　　　　　　　　　　　　　2040 Main Street, Fourteenth Floor
　　　　　　　　　　　　　　　　　　Irvine, CA  92614
　　　　　　　　　　　　　　　　　　Phone: (949) 760-0404
　　　　　　　　　　　　　　　　　　Facsimile: (949) 760-9502

　　　　　　　　　　　　　　　　　　*Attorneys for Plaintiff Skyworks Solutions, Inc.*

16942663

**COMPLAINT FOR PATENT INFRINGEMENT**　　　　　　　　　　　　　　　　　　　　**CASE NO.:**