IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SKYWORKS SOLUTIONS INC., | No. C 14-00010 SI |
| Plaintiff, | **ORDER DENYING DEFENDANT'S MOTION TO DISMISS** |
| v. | |
| KINETIC TECHNOLOGIES INC., | |
| Defendant. | |

Defendant Kinetic Technologies Inc. has filed a motion to dismiss the claims for inducement of patent infringement, contributory patent infringement, and willful patent infringement brought by plaintiff Skyworks Solutions Inc. Docket No. 25. The motion is scheduled for hearing before the Court on April 4, 2014. Pursuant to Local Rule 7-1(b), the Court determines that the matter is appropriate for resolution without oral argument and VACATES the hearing. For the reasons set forth below, the Court DENIES Kinetic's motion to dismiss.

**BACKGROUND**

This is an action for patent infringement. Plaintiff Skyworks is a Delaware corporation and an innovator of high performance analog semiconductors. First Amended Complaint ("FAC") ¶ 8. Defendant Kinetic is a California corporation that designs, develops, and markets semiconductor products including LED driver products for use in devices such as wireless communication devices. *Id.* ¶¶ 4, 15. Kin Shum and Jan Nilsson are former employees of Advanced Analogic Technologies, Inc. (AATI), which Skyworks acquired in 2012. *Id.* ¶¶ 12, 21, 24. Shum and Nilsson are now officers, directors, employees, and/or founders of Kinetic. *Id.* ¶¶ 20, 23.

The patents at issue in this case are Patent Nos. 7,921,320 (the '320 patent) and 8,539,275 (the '275 patent). During his employment at AATI, Nilsson was named as an inventor of the '320 and '275 patents. *Id.* ¶ 25. The '320 patent was initially assigned by the employee inventors to AATI, which was subsequently acquired by Skyworks; the '275 patent is assigned to Skyworks. *Id.* ¶¶ 12, 13. Skyworks is the owner by assignment of all right, title, and interest in the '320 and '275 patents. *Id.* ¶ 14. Skyworks alleges that Kinetic made, used, offered to sell, sold, and/or imported into the United States and placed into the stream of commerce LED driver products that infringe at least one claim of the '320 and '275 patents, in violation of 35 U.S.C. § 271. *Id.* ¶ 33, 44.

In March, 2013, Skyworks filed a complaint for infringement of the '320 patent against Kinetic in the United States District Court for the District of Massachusetts. *Skyworks Solutions, Inc. v. Kinetic Techs., Inc.*, Case No. 1:13-cv-10655-GAO (D. Mass. 2013). That case was dismissed for lack of jurisdiction on December 30, 2013.

Skyworks filed the present suit against Kinetic on January 2, 2014, and Kinetic filed a motion to dismiss on January 24, 2014. Docket Nos. 1, 13. Skyworks filed its first amended complaint on February 7, 2014. Docket No. 20. Kinetic withdrew its previously filed motion to dismiss on February 11, 2014 and on February 17, 2014, filed the present motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. Docket No. 25.

**LEGAL STANDARD**

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This "facial plausibility" standard requires the plaintiff to allege facts that add up to "more than a sheer possibility that a Defendant has acted unlawfully." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). While courts do not require "heightened fact pleading of specifics," a plaintiff must allege facts sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 544, 555. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id*. (quoting

2

*Twombly*, 550 U.S. at 557). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id*.

In reviewing a Rule 12(b)(6) motion, a district court must accept as true all facts alleged in the complaint, and draw all reasonable inferences in favor of the plaintiff. *See al-Kidd v. Ashcroft*, 580 F.3d 949, 956 (9th Cir. 2009). However, a district court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008). Moreover, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678.

To state a claim of patent infringement, "a plaintiff must allege that the defendant makes, uses, offers to sell, or sells the patented invention within the United States, during the term of the patent, and without authority of the patent holder." *Advanced Cardiovascular Sys., Inc. v. SciMed Life Sys., Inc.*, 989 F. Supp. 1237, 1249 (N.D. Cal. 1997). A claimant is not required to "to set out in detail the facts upon which he bases his claim"; instead, the complaint "need only plead facts sufficient to place the alleged infringer on notice." *Phonometrics, Inc. v. Hospitality Franchise Sys., Inc.*, 203 F.3d 790, 794 (Fed. Cir. 2000). If the Court dismisses a complaint, it must decide whether to grant leave to amend. The Ninth Circuit has "repeatedly held that a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (citations and internal quotation marks omitted).

## DISCUSSION

Kinetic has moved to dismiss Skyworks' claims for inducement of patent infringement, contributory patent infringement, and willful patent infringement.

### 1. Induced Patent Infringement

Kinetic asserts Skyworks' claim of induced infringement should be dismissed, arguing that Skyworks has not shown that Kinetic had pre-suit knowledge of the patents and that Skyworks has not pled intent to induce infringement. Motion at 4-5.

3

"Whoever actively induces infringement of a patent shall be liable as an infringer." 35 U.S.C. § 271(b). "Liability under § 271(b) requires knowledge that the induced acts constitute patent infringement." *In re Bill of Lading Transmission and Processing Sys. Patent Litig.*, 681 F.3d 1323, 1339 (Fed. Cir. 2012) (quoting *Global Tech Appliances, Inc. v. SEB S.A.*, 131 S.Ct. 2060, 2068 (2011) (internal quotation mark omitted)). "[T]he specific intent necessary to induce infringement requires more than just intent to cause the acts that produce direct infringement. Beyond that threshold knowledge, the inducer must have an affirmative intent to cause direct infringement." *Kyocera Wireless Corp. v. ITC*, 545 F.3d 1340, 1353-54 (Fed. Cir. 2008) (citations omitted).

### A.     Pre-litigation Knowledge of the Patents

Skyworks contends that it has sufficiently alleged facts showing Kinetic's pre-litigation knowledge by alleging that Kinetic's founder is a named inventor of the patents and that the patents in this case were previously asserted against Kinetic in the District of Massachusetts lawsuit. Opp. at 2.

Drawing all reasonable inferences in favor of Skyworks, as it must, the Court finds that Skyworks has adequately alleged Kinetic's knowledge of the patents at issue. The FAC states, "[u]pon information and belief, Jan Nilsson ('Nilsson') is an officer, director, employee, and/or founder of Kinetic" and that "Nilsson was named as an inventor of the '320 patent" as well as "named as an inventor of the '275 Patent." FAC ¶¶ 23, 25. The '320 patent, issued April 5, 2011, names Nilsson as an inventor; similarly, the '275 patent, issued September 17, 2013, also names Nilsson as an inventor. *Id.*, Ex. 1 at 1; Ex 2. at 1. The FAC further alleges that Nilsson, Kinetic, and Shum "were aware that AATI filed patent applications covering its products," and that they "knew or should have known of the '320 and '275 Patents." *Id.* ¶ 28. Skyworks has adequately alleged facts that plausibly allege how Skyworks became aware of the patents-in-suit.

Skyworks also argues that Kinetic has had actual notice of both patents since at least the filing of the complaint and subsequent amended complaint in the District of Massachusetts litigation. Opp. at 3, 7. Kinetic contends that knowledge of the patents gained from the filing of a lawsuit is limited to post-suit activities, thus Skyworks' claims for induced infringement are limited to Kinetic's post-filing conduct. Motion at 5.

In the Northern District of California, courts have concluded that for a claim of induced infringement, knowledge of the patent can be established through the filing of the complaint, but the claim for induced infringement is limited to post-filing conduct. *Bascom Research LLC v. Facebook, Inc.*, No. C 12-cv-6293 SI, 2013 WL 968210, at *4, (N.D. Cal. March 12, 2013). The FAC states that Skyworks filed a complaint in the District of Massachusetts alleging Kinetic infringed the '320 patent on March 20, 2013 and amended the complaint to include an allegation of infringement of the '275 patent on September 17, 2013. FAC ¶¶ 29, 30. Again, the Court finds that Skyworks has sufficiently alleged knowledge of the patents prior to the present action.[1]

### B. Intent to Induce Infringement of the Patents

Kinetic argues that Skyworks has failed to allege intent to induce infringement of the patents. The FAC states that Kinetic, and/or those acting with Kinetic, with actual knowledge of the '320 and '275 patents:

> intentionally induced infringement [of the patents] by having its direct and indirect customers sell, offer to sale, use, and import into the United States and this Judicial District, and placing into the stream of commerce, LED driver products, including but not limited to those with integrated circuit die identifications AADAA, AADAA, 9B003-F, 9B003-D, and 9A002-B, which are marketed and sold as part numbers KTD101, KTD102, KTD253, KTD259, KTD262, and/or devices, such as wireless communication devices, that incorporate such products, with knowledge that such products infringe [the patents].

FAC ¶¶ 36, 47. Additionally, Skyworks alleges that Kinetic "provides detailed design specifications regarding the fabrication, manufacture, test and assembly, implementation, use, and performance of [the] LED driver products." *Id*. ¶ 15. The FAC also alleges that "Kinetic sells its LED driver products to customers, with the knowledge and intent that its customers would infringe" the patents. *Id*. ¶¶ 37, 48.

To survive a motion to dismiss, the complaint "must contain facts plausibly showing that [defendant] specifically intended their customers infringe" the patents. *In re Bill of Lading*, 681 F.3d at 1339. Here, Skyworks has alleged both who committed the alleged direct infringement (Kinetic's customers) and how (by selling, offering to sell, use, or import particular LED driver products). Taking

---

[1] Having found sufficient Skyworks' allegations of pre-suit knowledge from Nilsson – Kinetic's founder and employee and a named inventor of both patents – the Court denies Kinetic's request to dismiss all claims of induced infringement for actions taken prior to the District of Massachusetts lawsuit, at this pleading stage.

5

1    these allegations as true, the Court finds that Skyworks has alleged direct infringement by another.
2    Additionally, Skyworks has alleged Kinetic's specific intent to encourage its customers' infringement.
3    The FAC specifically alleged that Kinetic markets its products for use in devices such as wireless
4    communication devices, and identified Kinetic's detailed design specifications regarding the use,
5    assembly, implementation, and performance of the accused LED driver products. FAC ¶ 15. These
6    factual allegations support an inference of Kinetic's intent to induce infringement by its customers. *See*
7    *Radware, Ltd. v. A10 Networks, Inc.*, No. C 13-cv-02021 RMW, 2013 WL 5373305, at *6 (N.D. Cal.
8    Sep. 24, 2013); *see also CreAgri, Inc. v. Pinnaclife Inc.*, No. 5:11-cv-06635 LHK, 2013 WL 115689,
9    at *4 (N.D. Cal. July 29, 2013). Skyworks has alleged facts sufficient to support each element of the
10   induced infringement claim, thus the Court DENIES Kinetic's motion to dismiss this claim.

### 2. Contributory Patent Infringement

Skyworks asserts that Kinetic has contributed to the infringement of the '320 and '275 patents. Kinetic contends Skyworks has failed to state a claim for contributory infringement because Skyworks has not pled facts supporting the allegation Kinetic had pre-suit knowledge of the patents and has insufficiently pled substantial non-infringing use. Motion at 6-7; Reply at 4.

"Contributory infringement occurs if a party sells or offers to sell, a material or apparatus for use in practicing a patented process, and that 'material or apparatus' is material to practicing the invention, has no substantial non-infringing uses, and is known by the party 'to be especially made or especially adapted for use in an infringement of such patent.'" *In re Bill of Lading*, 681 F.3d at 1337 (quoting 35 U.S.C. § 271(c)). In order to state a claim for contributory infringement, "a plaintiff must, among other things, plead facts that allow an inference that the components sold or offered for sale have no substantial non-infringing uses." *Id*.

Kinetic's allegations of contributory infringement are similar to its claims of induced infringement. The FAC states that Kinetic, with actual knowledge of the patents:

> contributed to the infringement of [the patents], by having its direct and indirect customers sell, offer for sale, use, and import into the United States and this Judicial District, and placing into the stream of commerce, LED driver products, including but not limited to those with integrated circuit die identifications AADA, AADA, 9B003-F, 9B003-D, and 9A002-B, which are marketed and sold as part numbers KTD101, KTD102, KTD253, KTD259, KTD262, and/or devices, such as wireless

6

communication devices, that incorporate such products, with knowledge that such products infringe the [patents].

FAC ¶¶ 34, 45. The FAC further alleges that "Kinetic's LED driver products are especially made or adapted for infringing the [the '320 and '275 patents], and have no substantially non-infringing uses." *Id*. ¶¶ 35, 46.

As discussed above, Skyworks has adequately pled that Kinetic had knowledge of the '320 and '275 patents. FAC ¶¶ 23-28. Moreover, Skyworks has pled direct infringement by Kinetic's customers, that Kinetic's LED driver products infringe upon the '320 and '275 patents, and that Kinetic's LED driver products have no substantially non-infringing uses. Taking Skyworks' allegations as true, the Court finds that Skyworks has sufficiently pled a claim for contributory infringement. *See Symantec Corp. v. Veeam Software Corp.*, No. C 12-cv-00700 SI, 2012 WL 1965832, at *3 (N.D. Cal. May 31, 2012) (noting that this district has declined to require that allegations of contributory infringement should include a description of how the accused products infringe); *see also Talon Research, LLC v. Hynix Semiconductor America Inc.*, No. C 11-cv-05058 CW, 2012 WL 1188909, at *1 (N.D. Cal. Apr. 9, 2012) (finding plaintiff sufficiently alleged contributory infringement by pleading direct infringement by defendants' customers; defendants' knowledge of plaintiff's patents; and that defendants' products are the subject products of plaintiff's claims); *see also Rambus, Inc. v. Nvidia Corp.*, C 08-cv-3343 SI, 2008 WL 4911165, at *3 (N.D. Cal. Nov. 13, 2008) (finding allegations that defendant "has contributed to and continues to contribute to" infringement, and "has sold or offered for sale the Accused Products" sufficient to allege a claim of contributory infringement).

The Court DENIES Kinetic's motion as to this claim.

### 3. Willful Patent Infringement

"[T]o establish willful infringement, a patentee must show by clear and convincing evidence that the infringer acted despite an objectively high likelihood that its actions constituted infringement of a valid patent. . . . If this threshold objective standard is satisfied, the patentee must also demonstrate that this objectively-defined risk (determined by the record developed in the infringement proceeding) was either known or so obvious that it should have been known to the accused infringer." *In re Seagate*

7

*Technology, LLC*, 497 F.3d 1360, 1371 (Fed. Cir. 2007) (en banc). "[A] willfulness claim asserted in the original complaint must necessarily be grounded exclusively in the accused infringer's pre-filing conduct." *Id*. at 1374.

Kinetic first argues that Skyworks has failed to allege facts that suggest Kinetic had pre-litigation knowledge of the patents-in-suit. Motion at 9; Reply at 4-5. Specifically, Kinetic references paragraphs of the complaint that allege that at least since the District of Massachusetts litigation, Kinetic has had actual notice of the patents. Motion at 8. According to Kinetic, these allegations support only post-litigation knowledge, and Skyworks' claim for willful infringement, which is limited to the alleged infringer's pre-litigation conduct, must be dismissed.

The Court has already concluded the Skyworks has sufficiently pled Kinetic's pre-suit knowledge of the '320 and '275 patents from Nilsson, by alleging facts that he is both a founder and employee of Kinetic and a named inventor of both patents. Additionally, the Court finds that Skyworks has alleged facts sufficient to support an allegation of pre-litigation knowledge based upon the prior District of Massachusetts litigation. The FAC states, "Kinetic had actual notice of the '320 Patent since at least March 20, 2013, before the filing of this action, and acted despite an objectively high likelihood that its actions constituted infringement of a valid patent." FAC ¶ 39. The FAC also alleges that "Kinetic has had actual notice of the '275 Patent since at least September 17, 2013, before the filing of this action, and acted despite an objectively high likelihood that its actions constituted infringement of a valid patent." *Id*. ¶ 50. The District of Massachusetts original and amended complaints were filed prior to the litigation in this Court, thus Skyworks has alleged knowledge of the patents prior to the initiation of the present litigation. Accordingly, Kinetic's argument fails.

Finally, Kinetic argues that Skyworks has failed to sufficiently allege that Kinetic acted despite an objectively high likelihood that its actions constituted infringement of a valid patent. Motion at 9. The FAC alleges that "Kinetic's infringement of [the '320 and '275 patents] has been, and continues to be, willful, deliberate, and intentional by continuing its acts of infringement with knowledge of [the patents] and thus acting in reckless disregard of Skyworks' patent rights." FAC ¶¶ 40, 51. The FAC continues, "[a]s a consequence of Kinetic's infringement of [the patents], Skyworks has suffered and will continue to suffer harm and injury, including monetary damages in an amount to be determined at

8

1 trial." *Id*. ¶¶ 41, 52. According to Kinetic, these statements are mere recitations of the elements of willful infringement and are insufficient to state a claim. Motion at 9.

Courts in this district have previously held that where a complaint specifically identifies the accused products, alleges pre-suit knowledge, alleges the infringing acts are willful, intentional, and conscious, and alleges plaintiff has and will continue to be irreparably harmed by the infringement are sufficient to state a claim for willful infringement. *See Emblaze Ltd. v. Apple Inc.*, No. C 11-cv-01079 SBA, 2012 WL 5940782, at *8 (N.D. Cal. Nov. 27, 2012); *see also Oracle Corp. v. DrugLogic, Inc.*, 807 F.Supp. 2d 885, (N.D. Cal. 2011) (finding sufficient facts to support a claim for willful infringement where plaintiff identified the accused products, alleged defendant was aware of the patent and had actual notice of the infringement claims). Here, Skyworks has specified the accused products, alleged Kinetic had pre-suit knowledge and was aware of the '320 and '275 patents, and had actual notice of the infringement claims at least from the date of the District of Massachusetts litigation. Additionally, Skyworks has pled that it has suffered and will continue to suffer irreparable harm by Kinetic's infringement. The Court finds that Skyworks has alleged sufficient facts to state a plausible claim for willful infringement; accordingly, Kinetic's motion to dismiss this claim is DENIED.

## CONCLUSION

For the foregoing reasons, the Court hereby DENIES Kinetic's motion to dismiss Skyworks' claims of induced infringement, contributory infringement, and willful infringement.

**IT IS SO ORDERED.**

Dated: April 2, 2014

SUSAN ILLSTON
UNITED STATES DISTRICT JUDGE