UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SKYWORKS SOLUTIONS, INC.,<br><br>    Plaintiff,<br><br>    v.<br><br>KINETIC TECHNOLOGIES, INC.,<br><br>    Defendant. | Case No. 14-cv-00010-SI<br><br>**ORDER RE: ADMINISTRATIVE MOTIONS TO FILE UNDER SEAL** |

Currently before the Court are plaintiff Skyworks' administrative motions to file various documents under seal, in connection with Skyworks' opposition to motions by defendant Kinetic Technologies, Inc. (Kinetic USA). Docket Nos. 60; 82; 104. Also before the Court are Kinetic USA's administrative motions to file various documents under seal, in connection with Kinetic's reply and supplemental briefs on the same motions. Docket Nos. 66; 87; 89.

Defendant Kinetic USA, the designating party, has submitted the declarations of Scott Kolassa and Oliver Kroll in support of the motions to file under seal. Docket Nos. 63; 66; 83; 106. Kinetic USA alleges that certain portions of the summary judgment briefs contain confidential information about Kinetic USA's technology, product development and planning, business strategies, finances, and confidential information of third parties; Kinetic USA contends that public disclosure of this information could have adverse financial and competitive consequences to Kinetic USA.

With the exception of a narrow range of documents that are "traditionally kept secret," courts begin their sealing analysis with "a strong presumption in favor of access." *Foltz v. State Farm Mut. Auto. Ins.*, 331 F.3d 1122, 1135 (9th Cir. 2003). "A stipulation, or a blanket protective order that allows a party to designate documents as sealable, will not suffice to allow the filing of

documents under seal." Civ. L.R. 79-5(a). When applying to file documents under seal in connection with a dispositive motion, the party seeking to seal must articulate "compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process." *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006) (internal quotations and citations omitted). Where a party seeks to seal documents attached to a non-dispositive motion, a showing of "good cause" under Federal Rule of Civil Procedure 26(c) is sufficient. *Id*. at 1179-80; *see also* Fed. R. Civ. P. 26(c). In addition, all requests to file under seal must be "narrowly tailored," such that only sealable information is sought to be redacted from public access. Civ. L.R. 79-5(b). These documents are submitted in connection to a dispositive motion. Accordingly, to establish that these documents are sealable, Kinetic USA has the burden of articulating "compelling reasons supported by specific factual findings" that outweigh the public policies favoring disclosure. *Kamakana*, 447 F.3d at 1178-79.

The Court has considered each of the documents designated for sealing, as articulated in the table below.

| Docket No. | Document Title | Court's Ruling |
|---|---|---|
| 60-1 | Exhibit A<br>Exhibit B<br>Exhibit C<br>Exhibit D | DENIED.<br>The request is not narrowly tailored and seeks to file transcripts of deposition testimony in their entirety because they are "not practically susceptible to redaction." |
| 60-1 | Exhibit I<br>Exhibit Q | DENIED.<br>The Kolassa declaration states that these exhibits contain confidential financial and business practice information and product planning and development information of Kinetic USA and related entities and that public disclosure of this confidential information would enable a competitor to unfairly compete or attempt to interfere with their efforts to compete in the marketplace. Kinetic USA seeks to file these documents under seal in their entirety. Skyworks does not oppose this sealing, but the Court finds that Kinetic USA's proffered reasons for sealing are insufficient under *Kamakana*. Kinetic USA has not articulated compelling reasons supported by factual findings that outweigh the public's right of access. Furthermore, this request is not narrowly tailored. Here, Kinetic USA seeks to file under seal |

| | | |
|---|---|---|
| | | information that it did not designate as sealable in Exhibit N. Accordingly, the Court DENIES the motion as to these Exhibits. |
| 60-1 | Exhibit M<br>Exhibit O<br>Exhibit S | DENIED.<br>The Kolassa declaration states that these exhibits contain confidential financial information, technical information, product planning and development data, business projections and strategies and confidential information belonging to Kinetic USA and/or third parties and that public disclosure of this confidential information would pose a significant threat to Kinetic USA's competitive standing and would invade the confidentiality of third parties.  Kinetic USA seeks to file these documents under seal in their entirety but has not articulated compelling reasons supported by factual findings that outweigh the public's right of access.  In addition, Kinetic USA's request is not narrowly tailored.  For example, information that Kinetic USA did not designate as sealable in the revised version of Exhibit N is designated as sealable in Exhibits M and S.  Accordingly, the Court DENIES the motion to file these documents under seal. |
| 60-1 | Exhibit R<br>Exhibit U<br>Exhibit V<br>Exhibit X | DENIED.<br>The Kolassa declaration states that these Exhibits contain confidential technical information belonging to Kinetic USA and/or related entities along with confidential information belonging to one or more third parties, the public disclosure of which would pose a threat to Kinetic USA's competitive standing and would invade the confidentiality of third parties. Kinetic USA seeks to file these exhibits under seal in their entirety.  This request is not narrowly tailored and Kinetic USA has not articulated compelling reasons supported by factual findings that outweigh the public's right of access. |
| 60-1 | Exhibit J | DENIED.<br>The Kolassa declaration states that this Exhibit contains technical information or business practice information, product planning data, and confidential information belonging to Kinetic USA and related entities and that public disclosure of this confidential information would pose a significant threat to Kinetic USA's competitive standing. Kinetic USA seeks to file this document under seal in its entirety.  The Court finds that Kinetic USA has not articulated compelling reasons supported by factual findings that outweigh the public's right of access.  Further, this request is not narrowly tailored.  For example, Kinetic USA seeks to file its street address under seal.  Accordingly, the Court DENIES the motion as to this Exhibit. |
| 60-1 | Exhibit F<br>Exhibit G<br>Exhibit K | GRANTED.<br>The Kolassa declaration states that these exhibits contain "confidential financial information and bank account identifi- |

3

| | | | |
|---|---|---|---|
| | | Exhibit L | cation," public disclosure of which would significantly threaten Kinetic USA's accounts and competitive standing. After reviewing the Exhibits and the attached declaration, the Court concludes that Kinetic USA has sufficiently articulated compelling reasons for sealing Exhibits F, G, K, and L. |
| | 63 | Exhibit 1: Skyworks' Opposition to Kinetic USA's Motion for Summary Judgment | Kinetic USA has proposed reduced redactions to Skyworks' opposition brief.  The Court GRANTS the motion to seal as to the following sections only:<br>    Page 8, lines 21-26.<br>    Page 19, table displayed on lines 3-5<br>    Page 22, lines 12-18 and lines 27-28<br>    Page 23, lines 12-16<br><br>Except for the passages designated above, the Court DENIES the motion to seal this document. |
| | 63 | Exhibit E<br>Exhibit H<br>Exhibit N<br>Exhibit P<br>Exhibit Z | GRANTED.<br>Kinetic USA has submitted a revised redaction of these Exhibits, more narrowly tailored than the versions submitted by Skyworks.  After reviewing the declaration and the portions of the Exhibits at issue, the Court concludes that Kinetic USA has sufficiently articulated compelling reasons for sealing the requested portions. In addition, Kinetic USA 's request to seal the Exhibits is narrowly tailored, as it seeks to redact only sealable information from the Exhibits. |
| | 63 | Exhibit T | Kinetic USA has submitted a revised redaction of this Exhibit, more narrowly tailored than the version submitted by Skyworks.<br><br>The Court DENIES the motion to seal as to the following redactions only:<br>Page 1<br>Page 2<br><br>Except for the redactions designated above, the Court GRANTS the motion to seal this document. |
| | 63 | Exhibit W | DENIED.<br>Kinetic USA has submitted a revised redaction of this Exhibit, more narrowly tailored than the version submitted by Skyworks.  The Court finds that Kinetic USA has not articulated compelling reasons supported by factual findings that outweigh the public's right of access. |
| | 66 | Supplemental Declaration of Kin Shum | GRANTED.<br>The Kolassa declaration states that the Supplemental Shum declaration contains confidential information about Kinetic USA's technology, product development and planning and business strategies and that the public disclosure of this information would allow a competitor to gain an unfair competitive advantage over Kinetic USA in the marketplace. |

| | | |
|---|---|---|
| | | The declaration further states that the Shum declaration contains confidential information regarding commercial relationships and business strategies of Kinetic USA's foreign affiliates and customers. Having reviewed the Kroll declaration and the portions of the Shum Declaration at issue, the Court concludes that Kinetic USA has sufficiently articulated compelling reasons for sealing the requested portions. In addition, Kinetic USA's request to seal the Shum Declaration is narrowly tailored, as it seeks to redact only sealable information. |
| 82 | Supplemental Exhibit II | GRANTED. The Kroll declaration states this document contains confidential financial and business practice information of Kinetic USA and related entities and that public disclosure of this confidential information would enable a competitor to unfairly compete or attempt to interfere with their efforts to compete in the marketplace. After reviewing the exhibit and the Kroll declaration, the Court concludes that Kinetic USA has sufficiently articulated compelling reasons for sealing Supplemental Exhibit II. |
| 82 | Supplemental Exhibits JJ, KK, LL, MM, NN, QQ | GRANTED. The Kroll declaration states these documents contain confidential test specifications of Kinetic USA and related entities and that public disclosure of this confidential information would enable a competitor to unfairly compete or attempt to interfere with their efforts to compete in the marketplace. After reviewing the exhibits and the Kroll declaration, the Court concludes that Kinetic USA has sufficiently articulated compelling reasons for sealing Supplemental Exhibits JJ, KK, LL, MM, NN, and QQ |
| 82 | Supplemental Exhibit OO | DENIED. The Kroll declaration states that this Exhibit contains confidential test plans and product results of Kinetic USA and related entities and that public disclosure of this confidential information would enable a competitor to unfairly compete or attempt to interfere with their efforts to compete in the marketplace. Having reviewed the exhibit and the Kroll declaration the Court finds that Kinetic USA has not articulated compelling reasons supported by factual findings that outweigh the public's right of access. Further, this request is not narrowly tailored. For example, Kinetic USA seeks to file under seal street address blocks and the dates of the included emails. Accordingly, the Court DENIES the motion as to this Exhibit. |
| 82 | Supplemental Exhibit PP | GRANTED. The Kroll declaration states this document contains confidential technical information and product planning and development data belonging to Kinetic USA and related |

| | | |
|---|---|---|
| | | entities and that public disclosure of this confidential information would pose a significant threat to Kinetic USA's competitive standing and violate the confidentiality of third parties.  After reviewing the exhibit and the Kroll declaration, the Court concludes that Kinetic USA has sufficiently articulated compelling reasons for sealing Supplemental Exhibit PP.  In addition, Kinetic USA's request to seal the Exhibits is narrowly tailored, as it seeks to redact only portions of the Exhibit. |
| 82 | Supplemental Exhibits RR, SS, TT, UU, VV, WW, XX, YY, ZZ | DENIED: Docket No. 82, Skyworks' Administrative Motion to File under Seal, includes Supplemental Exhibits RR, SS, TT, UU, VV, WW, XX, YY, and ZZ.  Kinetic USA, the designating party, has not filed a declaration in support of Skyworks' motions that addresses these supplemental exhibits.  Accordingly, the motion is DENIED. |
| 83 | Exhibit 1: Skyworks' Supplemental Brief | DENIED. Kinetic USA has proposed reduced redactions to Skyworks' supplemental brief.  Docket No. 83 ¶ 6.  However, the documents submitted to the Court are not in color and the Court is therefore unable to determine which sections constitute Kinetic USA's proposed redactions. |
| 83 | Exhibit 2 | GRANTED: This document is a high resolution version of Exhibit P, discussed above. |
| 87, 89 | Exhibits LL, MM, NN, QQ and Cover Emails | DENIED. The Kroll declaration states that these Exhibit and Cover Emails contain test plans and results for Kinetic designed products and the Cover Emails contain references to this confidential material and confidential information about Kinetic USA's technology, product development and planning which would enable a competitor to unfairly compete or attempt to interfere with their efforts to compete in the marketplace.  Having reviewed the exhibits and cover emails and the Kroll declaration the Court finds that Kinetic USA has not articulated compelling reasons supported by factual findings that outweigh the public's right of access.  Further, this request is not narrowly tailored.  For example, Kinetic USA seeks to file under seal street address blocks and the dates of the included emails.  Accordingly, the Court DENIES the motion as to these Exhibits. |
| 87, 89 | Exhibits 1, 2, and 3 to the Supplemental Declaration of Kin Shum | DENIED. Kinetic USA seeks to file under seal data sheets for the KTD265, KTD267, and KTD268.  The Kroll declaration states that these Exhibits contain confidential technical information about Kinetic products which would enable a competitor to unfairly compete or attempt to interfere with their efforts to compete in the marketplace.  However, the |

| | | | |
|---|---|---|---|
| | | | same documents were submitted with Docket No. 62 which Kinetic USA did not seek to file under seal. The court DENIES the motion as to this Exhibit. |
| 87, 89 | | Exhibit 4 to the Supplemental Declaration of Kin Shum | DENIED. The Kroll declaration states that this Exhibit contains confidential technical information, product planning and development data and confidential information belonging to Kinetic USA and/or related entities, the public disclosure of which would pose a significant threat to Kinetic USA's competitive standing and would invade the confidentiality of third parties. The Kroll declaration states that Exhibits 1, 2, and 3 are not susceptible to redaction, accordingly Kinetic USA requests Exhibit 4 be accepted under seal. Kinetic USA has not explained why *Exhibit 4* is or is not susceptible to redaction and why it should be filed under seal in its entirety. The court DENIES the motion as to this Exhibit. |
| 106 | | Exhibit 1: Skyworks' Supplemental Reply Brief | DENIED. Kinetic USA has proposed reduced redactions to Skyworks' supplemental brief. Docket No. 106 ¶ 6. However, the documents submitted to the Court are not in color and the Court is therefore unable to determine which sections constitute Kinetic USA's proposed redactions. |

The parties are ORDERED to file, in the public record and not under seal, all documents and portions of documents as outlined above, unless Kinetic USA refiles its declarations, no later than **March 9, 2015**, in a format that articulates compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure and is narrowly tailored such that only sealable information is sought to be redacted from public access.

Kinetic USA must also comply with the Civil Local Rules, which require the administrative motion be accompanied by a proposed order "which lists in a table format each document or portion thereof that is sought to be sealed." Civ. L.R. 79-5(d)(B).

///

///

**If Kinetic USA does refile its declarations in this way, the Court will consider and rule on the sealing requests. Otherwise, the parties are ORDERED to file the documents as outlined above in the public record by March 9, 2015.**

**IT IS SO ORDERED**.

Dated: March 2, 2015

SUSAN ILLSTON
United States District Judge