UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SKYWORKS SOLUTIONS, INC.,<br><br>    Plaintiff,<br><br>    v.<br><br>KINETIC TECHNOLOGIES, INC.,<br><br>    Defendant. | Case No. 14-cv-00010-SI<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO AMEND INFRINGEMENT CONTENTIONS**<br><br>Re: Dkt. No. 94 |

Currently before the Court is plaintiff Skyworks Solutions, Inc.'s motion for leave to amend infringement contentions. Dkt. 94. For the reasons set forth below, the Court DENIES the motion.

On January 2, 2014, Skyworks filed this patent infringement suit against defendant Kinetic Technologies, Inc. ("Kinetic USA"). Dkt. 1. Skyworks accuses Kinetic USA of infringing U.S. Patent Nos. 7,921,320 ("the '320 patent")[1] and 8,539,275 ("the '275 patent").[2] Dkt. 62-9, Ex. HH at 3:5-8. The patents in suit generally relate to a single-wire interface for controlling power to light-emitting diodes ("LEDs") that are incorporated into the displays of cell phones, smart phones, and other electronic devices. *Id.* at 8:1-3, 14-16. The complaint accuses five Kinetic USA products: KTD101, KTD102, KTD253, KTD259, and KTD262. Dkt. 1, ¶¶ 23, 24, 25, 31, 32 and 33.

---

[1] Skyworks alleges infringement of the '320 patent claims 13, 15-22, 37-39, and 41-45.

[2] Skyworks alleges infringement of the '275 patent claims 1, 3-6, 7-8, and 12-29.

Skyworks served its original infringement contentions on May, 9, 2014. Dkt. 62, Armond Decl. at ¶ 35; *see also* Dkt. 62-9, Ex. HH. Skyworks' original infringement contentions asserted forty-five total claims from the '320 and '275 patents against five properly accused Kinetic USA products.[3] *Id.* at 2:5-26. Skyworks' original infringement contentions also accused twenty-one additional Kinetic USA products of infringing one or more of the asserted claims.[4] Dkt. 62-9, Ex. HH. However, Skyworks failed to provide infringement charts for these twenty-one products pursuant to Patent L.R. 3-1, claiming this was due to limited publicly available information. Dkt. 94 at 2:5-7; *see* Patent L.R. 3-1(c) (The party claiming patent infringement shall serve infringement contentions containing "[a] chart identifying specifically where each limitation of each asserted claim is found within each Accused Instrumentality").

On May 29, 2014, Skyworks visited Kinetic USA's Sunnyvale office to conduct an onsite inspection. *Id.* at 3:9-21. After completing a privilege review of the documents collected during the inspection, Kinetic USA produced over four million pages of documents on June 23, 2014. *Id.* at 4:3-8. Three days later, Kinetic USA informed Skyworks that it intended to file a motion for summary judgment with respect to noninfringement. Dkt. 94-7, Ex. 7. The motion was filed on August, 21, 2014, opposed on October 17, 2014, and heard on December 2, 2014. Dkt. 61, 69, 77. Supplemental briefing on the summary judgment issues was requested and received in January and February, 2015.

On January 16, 2015, Skyworks filed the present motion for leave to amend infringement contentions. Dkt. 94. A party may amend its infringement contentions "only by order of the Court upon a timely showing of good cause." Patent L.R. 3-6. The local rule requires parties to provide early notice of their infringement contentions, and to diligently amend those contentions when new information comes to light in the course of discovery. *Id.* Skyworks seeks to amend its

---

[3] The five properly accused Kinetic products are those listed in the complaint: KTD101, KTD102, KTD253, KTD259, and KTD262.

[4] The additional twenty-one accused Kinetic products are KTD104, KTD105, KTD108, KTD109, KTD112, KTD117, KTD118, KTD120, KTD134, KTD158, KTD202, KTD204, KTD205, KTD207, KTD209, KTD260, KTD263, KTD265, KTD267, KTD268, and KTD289.

infringement contentions to add specificity to the existing five claim charts and infringement charts for the twenty-one products that it identified but did not previously chart. Dkt. 94 at 2:3-14.

However, after Skyworks filed the present motion, the Court granted Kinetic USA's motion for summary judgment of noninfringement as to the five properly accused products in this case. *See* Dkt. 51. Now that Kinetic USA's summary judgment has been granted in its entirety, Skyworks' motion to amend infringement contentions is moot. There are no further contention statements required in this litigation.

Accordingly, for the foregoing reasons and for good cause shown, the Court DENIES Skyworks' motion for leave to amend infringement contentions as moot. Dkt. No. 94.

**IT IS SO ORDERED.**

Dated: March 3, 2015

_____
SUSAN ILLSTON
United States District Judge