UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SKYWORKS SOLUTIONS, INC.,<br><br>    Plaintiff,<br><br>    v.<br><br>KINETIC TECHNOLOGIES, INC.,<br><br>    Defendant. | Case No. 14-cv-00010-SI<br><br>**ORDER RE: ADMINISTRATIVE MOTIONS TO FILE UNDER SEAL**<br><br>Docket Nos. 96, 110 |

Currently before the Court are plaintiff Skyworks' administrative motions to file under seal various documents submitted in connection with Skyworks' motion for leave to amend its infringement contentions. Docket Nos. 96, 109. Defendant Kinetic USA, the designating party, has submitted the declarations of Oliver Kroll in support of the motions to file under seal. Docket Nos. 110, 111.

With the exception of a narrow range of documents that are "traditionally kept secret," courts begin their sealing analysis with "a strong presumption in favor of access." *Foltz v. State Farm Mut. Auto. Ins.*, 331 F.3d 1122, 1135 (9th Cir. 2003). "A stipulation, or a blanket protective order that allows a party to designate documents as sealable, will not suffice to allow the filing of documents under seal." Civ. L.R. 79-5(a). When applying to file documents under seal in connection with a dispositive motion, the party seeking to seal must articulate "compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process." *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006) (internal quotations and citations omitted). Where a party seeks to seal documents attached to a non-dispositive motion, a showing of "good cause" under Federal Rule of Civil Procedure 26(c) is

sufficient. *Id*. at 1179-80; *see also* Fed. R. Civ. P. 26(c).  In addition, all requests to file under seal must be "narrowly tailored," such that only sealable information is sought to be redacted from public access.  Civ. L.R. 79-5(b).  These documents are submitted in connection with a non-dispositive motion, thus Kinetic USA must meet the "good cause" standard of Rule 26(c).

Kinetic USA seeks to file under seal Exhibits A-W, which are claim charts for accused parts and contain confidential information about Kinetic USA's technology and circuit designs and related entities' product features and specifications.  Docket No. 110.  Additionally, Kinetic USA seeks to file under seal certain portions of Skyworks' reply brief in support of its motion for leave to amend infringement contentions that contain excerpts from the claim charts.  Docket No. 111.  After reviewing the exhibits and the reply brief, the Court finds that the "good cause" standard has been satisfied.

Kinetic USA also seeks to file under seal Exhibits 10-16, datasheets for the newly accused products, which it contends contain confidential information about Kinetic USA and affiliated entities' technology, product development, and product specifications.  Docket No. 111.  Having reviewed the exhibits, the Court finds the "good cause" standard has been met.

The Court GRANTS Skyworks' administrative motion to file these documents under seal.

**IT IS SO ORDERED.**

Dated: March 3, 2015

SUSAN ILLSTON
United States District Judge